United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:04-CR-7 |
| | § | |
| KENNETH LINCOLN MARTIN | § | |

### ORDER TO TRANSFER

On September 22, 2004, Kenneth Lincoln Martin was convicted of two counts of possession of a firearm by a convicted felon, two counts of possession of a firearm in furtherance of a drug trafficking crime, and two counts of possession with intent to distribute phencyclidine. The Court sentenced him to a 420-month term of imprisonment, consisting of 60 months on the felon in possession and possession with intent to distribute counts, and consecutive terms of 60 months and 300 months on the possession of a firearm in furtherance of a drug trafficking crime counts. The Fifth Circuit affirmed. *United States v. Martin*, No. 06-20099 (5th Cir. Dec. 6, 2006). On May 14, 2008, this Court denied Martin's motion to vacate., correct, or set aside his sentence. Martin now seeks relief from that judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b)(6) allows a losing party to seek relief from judgment for any reason that justifies relief. Martin argues that a change in the law following denial of his section 2255 motion entitles him to relief. A Rule 60(b) motion is a subsequent habeas corpus application whenever the motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute

or rules." *Id.* at 533. The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Martin's motion asserts a change in the substantive law governing his claim.

> 28 U.S.C. § 2255(h) provides that:
>
> A second or successive motion must be certified as Provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable Martin seeks relief under a new rule of constitutional law, but he does not assert that he has sought or received permission from the Fifth Circuit to file this successive section 2255 motion.
This Court is without jurisdiction to consider a successive section 2255motion *See United States v. Key*, 205 F.3d 773, 774 (5h Cir. 2000)("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one.").

> Only the Fifth Circuit may authorize the filing of Martin's successive motion.
>
> > Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "The legislative history of § 1631 indicates that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *Liriano*

*v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (quotation omitted). Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001).

This Court lacks jurisdiction to consider Martin's claims until the Fifth Circuit, which could have exercised jurisdiction at the time Martin filed this action, makes a gateway determination. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Accordingly, it is ORDERED that Martin's Rule 60(b) motion (Doc. # 133) is **transferred to the United States Court of Appeals for the Fifth Circuit**.

It is so ORDERED.

SIGNED on this 15th day of June, 2020.

_____
Kenneth M. Hoyt
United States District Judge